**Evelyn Joy ARNOLD, Judy Fort, Plaintiffs-Appellants,**

v.

**Roy BONDURANT, Individually and as Superintendent of Franklin County Board of Education, et al., Defendants-Appellees.**

No. 73-1497.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1973.

Decided Feb 7, 1974.

———————

Arthur L. Brooks, Lexington, Ky., for plaintiffs-appellants; Brooks, Sullivan & Molloy, Lexington, Ky., on brief.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Ky., for defendants-appellees.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Two nontenure school teachers in Franklin County, Kentucky, appeal from the dismissal of their complaints under 42 U.S.C. § 1983 (1970), after a full trial before a United States District Judge in the Eastern District of Kentucky. Both complained that their First Amendment rights of freedom of speech had been violated by either termination or restriction of their teaching employment.

As to appellant Fort, a review of this record warrants affirmance of the judgment of the District Court because, as found by the District Court, there was a failure of proof that her exercise of First Amendment speech rights played any role in her not being hired for summer school employment.

As to appellant Arnold, the record is not so clear. Arnold was a nontenure

teacher who was employed for two years at the Peaks Mill School as both teacher an librarian. During the 1969–1970 school year she was involved in three episodes which arguably might have played a role in the superintendent's recommending (with the School Board's approval) that she not be rehired for the following school year.

1) At the beginning of the school year appellant Arnold was involved in a controversy of some proportions concerning the division of her time between library duties and teaching duties. The argument could not be resolved at the school and was carried to the offices of the superintendent and his assistants on a number of occasions.

2) Arnold was the acting president of the Teachers Association in Franklin County who led a four-day strike. The strike was ultimately terminated by an injunction and in Jefferson County Teachers Ass'n v. Board of Education of Jefferson County, 463 S.W.2d 627 (Ky.1970), cert. denied, 404 U.S. 865, 92 S.Ct. 75, 30 L.Ed.2d 109 (1971), the Court of Appeals of Kentucky held that under the public policy of Kentucky, the strike had been unlawful and the injunction had been valid.

3) During the strike Arnold wrote a letter to the newspapers which was critical of the Board. It is this letter which appellant Arnold urged that the District Judge accept as the real reason for the discharge.

None of the teachers was discharged during or after the strike, and the action of the superintendent and the Board in not rehiring Arnold came several months later. When Arnold asked for reasons for the refusal to rehire her, the Board referred to her "uncooperative spirit as evidenced by a delay in scheduling for a few weeks at the beginning of the school year" which concerned Arnold's assignment to work in the library.

We, of course, as urged by appellants, have no doubt that even as to a nontenure teacher, boards of education cannot deny employment "on a basis that infringes his constitutionally protected interest—especially his interest in freedom of speech." Perry v. Sindermann, 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972). *See also* Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767, rehearing denied, 409 U.S. 898, 93 S.Ct. 95, 34 L.Ed.2d 157 (1972).

The District Judge who heard the evidence, however, held that appellant Arnold had failed to prove her case. The District Judge noted that the superintendent had said after the strike that he had "saved everybody else's job," and continued:

"If he could save all jobs, why didn't he save the plaintiff, Mrs. Arnold's job, and the answer is because he thought Mrs. Arnold would not fit into the school system because of the circumstances which arose in the fall of 1969 with reference to the schedule. That is the natural answer, that is the natural sequence of rationalization. He had no other reason, no unfriendliness or dislike or anything shown here between Mr. Bondurant and Mrs. Arnold. There is no proof. There was no reason to think that he would have any resentment against her because she walked out and because she was one of the leaders. I am satisfied that she was not the only vociferous person that walked out of the school."

It is possible that if we had heard the evidence, we might have indulged somewhat more skepticism about the schedule argument being the sole reason for failure to rehire. We note, however, that the strike was judged to be illegal under Kentucky law and that appellant Arnold's reliance in seeking federal intervention on a constitutional basis must be principally upon the newspaper letter critical of the School Board.

Additionally, there is strong evidence that the schedule problem at the beginning of the school year became a major issue—at least in the mind of the superintendent. He was quoted by several witnesses as having said at the time

(well before both the strike and the letter) concerning appellant Arnold:

"With all the trouble she is causing out there now, if she were to reach tenure stage, she'd be a regular hell-cat."

The findings of fact of the District Judge, of course cannot be set aside unless we can hold that they are "clearly erroneous." Fed.R.Civ.P. 52(a). This record does not permit such a finding.

The judgment of the District Court is affirmed.