R. Brooks BATES, Individually and as Superintendent of the Russell County Board of Education, et al., Defendants-Appellants,

v.

Leslie DAUSE and Robert Garner, Plaintiffs-Appellees.

No. 73–2111.

United States Court of Appeals, Sixth Circuit.

Argued June 21, 1974.

Decided Sept. 12, 1974.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Ky., on briefs, for defendants-appellants.

Arthur L. Brooks, Brooks, Sullivan & Molloy, Lexington, Ky., on briefs, for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal grows out of the demotion and transfer of the principals of two elementary schools by action of the Superintendent of Schools and Board of Education of Russell County, Kentucky. Both principals were demoted to classroom teachers. Both had acquired tenure under the Kentucky Teachers' Tenure Statute, K.R.S. §§ 161.720–161.810.

An action was brought against the Superintendent of Schools and certain members of the Board of Education in their individual capacities under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. By amendments to the pleadings, plaintiffs also asserted that their claims under the State Teachers' Tenure Statute were cognizable in federal court on the theory of pendent jurisdiction. The District Court assumed pendent jurisdiction and rendered judgments of $5,948 in favor of one principal and $8,175 in favor of the other, against the Superintendent of Schools and four members of the Board of Education, all in their individual capacities.[1]

We reverse on the ground that the record shows no deprivation of any rights, privileges or immunities of appellees secured by the Constitution and laws of the United States so as to support an action under § 1983; and that, since the federal claim does not have

---

1. Other parties were litigants in the District Court and other issues were adjudicated there. This appeal involves only that portion of the judgment which awarded damages to the two appellee school principals.

substance sufficient to confer subject matter jurisdiction on the District Court, that court erred in assuming pendent jurisdiction under the Kentucky Teachers' Tenure Act and the common law of Kentucky.

■ The two school principals, Leslie Dause and Robert Garner, were delegates to the Kentucky Education Association and the Russell County Education Association. In February 1970 the K.E.A. called a walk-out of teachers of all Kentucky public schools served by its members. As delegates to the K.E.A. both Dause and Garner voted in favor of this strike. At a meeting of the County Education Association Dause and Garner reported on the strike recommendations of the K.E.A. and stated that they had supported the resolution calling for the strike. In the meantime the Russell County Board of Education adopted a resolution opposing the strike and calling on teachers to remain at their posts. A walkout of teachers from the Russell County school system took place on February 23 and lasted for six days. Both Dause and Garner supported the strike by local teachers, including teachers in the schools they served as principals, but both personally reported to their desks at their respective schools during school hours on each day of the strike.

In Jefferson County Teachers Association v. Board of Education, 463 S.W. 2d 627 (Ky.1970), the Court of Appeals of Kentucky held this strike to be illegal and that an injunction restraining the strike did not violate the teachers' constitutional rights of free speech and public assembly. This decision reiterated the Kentucky rule that teachers in the public schools commit an illegal act when they participate in a strike.

The Board of Education, upon the recommendation of the County Superintendent of Schools, sent letters to Dause and Garner giving notice that they would not be employed as principals during the ensuing school year, but would be transferred to other schools as classroom teachers. The reasons stated in the letters were:

1. That their removal as principals would improve communications between the Board's central office and their respective schools.

2. That cooperation of the principals with the Office of the County Superintendent had been less than desired.

3. That their removal would give an opportunity for new and improved leadership for the schools.

4. That with their qualifications and experience, Dause and Garner could make a contribution as classroom teachers in their new assignments.

Both principals experienced a decrease in compensation and an increase in transportation expenses as a result of their demotions and transfers.

The Superintendent of Schools and the four board members against whom the judgments were rendered are no longer in office.

The District Court made a finding of fact to the effect that the action taken by the Superintendent of Schools and the Board of Education in demoting and transferring Dause and Garner was in retaliation for their activities in supporting the strike. On the record before us, we cannot say that this finding of fact is clearly erroneous. Rule 52(a), Fed.R.Civ.P.

This court has held that a public school teacher who is discharged for the exercise of First Amendment rights may maintain an action under § 1983. Orr v. Trinter, 444 F.2d 128, 134 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S. Ct. 2847, 33 L.Ed.2d 767, rehearing denied, 409 U.S. 898, 93 S.Ct. 95, 34 L.Ed. 2d 157 (1972), citing Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). However, as said by Judge McCree speaking for the court in Whitsel v. Southeast Local School District, 484 F.2d 1222, 1229 (6th Cir. 1973), "a balance must be struck between a claim of First Amendment protection and the need for orderly

administration of a school system." In that case we held that the record supported the conclusion that the school teacher there involved was discharged for insubordination and not for the advocacy of ideas. See also Hetrick v. Martin, 480 F.2d 705 (6th Cir. 1973).

Although these two school principals would have a right of action under § 1983 if discharged or demoted for the exercise of freedom of speech, we decline to recognize any federal constitutional right on the part of the principal of a public school to urge and encourage teachers under his jurisdiction to commit illegal acts, or as in the present case to engage in an illegal school strike.

The judgments against the Superintendent of Schools and the members of the Board of Education were rendered by the District Court in the exercise of pendent jurisdiction. In United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Supreme Court stated that an essential prerequisite of the exercise of pendent jurisdiction is "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." In Price v. United Mine Workers of America, 336 F.2d 771, 775 (6th Cir. 1964), this court said: "When a *substantial* federal claim is asserted the federal court has jurisdiction to fully determine it including its local aspects." (Emphasis supplied.) See also Patrum v. Greensburg, 419 F.2d 1300 (6th Cir. 1969), cert. denied, 397 U.S. 990, 90 S.Ct. 1125, 25 L.Ed.2d 398 (1970).

Kentucky has a strong Teachers' Tenure Law for the protection of teachers in the public schools of the Commonwealth. K.R.S. §§ 161.720–161.810. Notice of charges and a due process hearing are required, with a right of judicial review in the State courts. K.R.S. § 161.790.

The Court of Appeals of Kentucky has not been penurious in protecting and enforcing the rights of teachers under this statute and under the common law of the Commonwealth, including the af-firmance of judgments against school officials in appropriate cases. Snapp v. Deskins, 450 S.W.2d 246 (Ky.1970); Board of Education of McCreary County v. Stephens, 449 S.W.2d 421 (Ky.1970); Osborne v. Bullitt County Board of Education, 415 S.W.2d 607 (Ky.1967); Board of Education of Nelson County v. Lawrence, 375 S.W.2d 830 (Ky.1963); Babb v. Moore, 374 S.W.2d 516 (Ky. 1964).

This statute should be administered by the Courts of the Commonwealth of Kentucky, and not by the federal judiciary. Transfer of jurisdiction to federal courts cannot be accomplished by the procedural device of filing an unsubstantial action under § 1983, coupled with a prayer for exercise of pendent jurisdiction.

The judgment of the District Court is reversed, without prejudice to any rights that Leslie Dause and Robert Garner may have to proceed in the State Courts of Kentucky.