Stephen **MANCHESTER**, Plaintiff-Appellant,

v.

Orlyn C. **LEWIS** et al., Defendants-Appellees.

No. 74–1270.

United States Court of Appeals, Sixth Circuit.

Nov. 25, 1974.

Wallace K. Sagendorph, Levin, Levin, Garvett & Dill, Detroit, Mich., for plaintiff-appellant.

George E. Bushnell, Jr., Wolfgang Hoppe, Miller, Canfield, Paddock & Stone, Gregory L. Curtner, Detroit, Mich., for defendants-appellees.

Before PHILLIPS, Chief Judge, and McCREE and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

Stephen Manchester, a non-tenured teacher in a Michigan public high school, filed this action under 42 U.S.C. § 1983 charging that he was denied tenure because of his exercise of first amendment rights. The defendants were the members of the school board, the board secretary, the superintendent of schools and the high school principal.

After a full evidentiary hearing, District Judge John Feikens made the following finding of fact: "The reason that Manchester was not given tenure was the unsatisfactory level of his teaching performance." The District Court dismissed the action and Manchester appeals. We affirm.

 It is the well settled law of this Circuit that a public school teacher who is discharged or denied tenure because of the exercise of first amendment rights may maintain an action under § 1983. The constitutional rights of a teacher cannot be defeated by a pretext on the part of school authorities. Bates v. Dause, 502 F.2d 865 (6th Cir. 1974); Arnold v. Bondurant, 491 F.2d 718, 719 (6th Cir. 1974); Hetrick v. Martin, 480 F.2d 705, 708–709 (6th Cir.), cert. denied, 414 U.S. 1075, 94 S.Ct. 592, 38 L. Ed.2d 482 (1973); George v. Board of Educ., 472 F.2d 132, 133 (6th Cir. 1972); Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (1972). See McFerren v. County Bd. of Educ., 455 F.2d 199, 201 (6th Cir.), cert. denied, 407 U.S. 934, 92 S.Ct. 2461, 32 L.Ed.2d 817 (1972).

Orr v. Trinter, *supra,* states the rule of this Circuit as follows:

"Initially we recognize that plaintiff does not have a constitutional right to public employment. Cafeteria and Restaurant Workers Union, Local 473 v. McElroy [367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230], *supra.* However, even though 'one may not

have a constitutional right to go to Bagdad, * * * the Government may not prohibit one from going there unless by means consonant with due process of law.' Homer v. Richmond, 110 U.S.App.D.C. 226, 229, 292 F.2d 719, 722. Hence it is no longer open to debate that plaintiff would be entitled to relief if the board had refused to rehire him because he had exercised his rights as guaranteed by the free speech clause of the First Amendment, Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811, Board of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730 (8th Cir.), cert. denied, 393 U.S. 962, 89 S.Ct. 401, 21 L.Ed.2d 375; by the self incrimination clause of the Fifth Amendment, Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692; by the due process clause of the Fifth or Fourteenth Amendments, Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377; or by the equal protection clause of the Fourteenth Amendment, Hatton v. County Board of Education, 422 F.2d 457 (6th Cir.); Rolfe v. County Board of Education, 391 F.2d 77 (6th Cir.). These are constitutionally impermissible reasons for refusal to rehire a teacher. Conversely courts have recognized as constitutionally permissible reasons for refusal to rehire the fact that the teacher is not as well qualified as another applicant, Brooks v. School District, 267 F.2d 733 (8th Cir.), cert. denied, 361 U.S. 894, 80 S.Ct. 196, 4 L.Ed.2d 151; . . . ." 444 F.2d at 134. (Footnotes omitted.)

Manchester contends that he was denied tenure because of his participation in the school visiting speaker program and his public comments criticizing the school's policy concerning visiting speakers. This presents an issue of fact, which was determined adversely to Manchester by the District Court.

■ After a full evidentiary hearing, Judge Feikens made findings of fact to the effect that members of the school board disliked Manchester's public comments on the school speaker policy but held that Manchester was not given tenure for the reason that the level of his teaching performance was unsatisfactory. Judge Feikens further held that Manchester was not deprived of his constitutional rights because of the school board members' attitude toward his public speech, "when the reason he did not receive tenure was the unsatisfactory level of his teaching performance." Upon a review of the entire record we conclude that the findings of fact by the District Judge are not clearly erroneous, Fed.R.Civ.P. 52(a), but to the contrary are supported by substantial evidence.

■ Manchester relies upon Mich. Comp.Laws Ann. § 38.83,[1] which is part of the Teachers' Tenure Law of Michigan. He complains that some of the reasons assigned by school authorities for denying tenure occurred during his first year of employment as a probationary teacher.

Review of actions of school authorities under the Teachers' Tenure Law of Michigan is the prerogative of the courts of that State and not of the federal judiciary. Jurisdiction cannot be conferred on federal courts by the procedural device of filing an unsubstantial action under § 1983 and relying on the doctrine of pendent jurisdiction. Bates v. Dause, *supra,* 502 F.2d at 867. In this § 1983 action determination of whether the constitutional rights of Manchester were violated is not controlled by § 38.83.

Affirmed.

---

1. *38.83 Same; notice to teacher, written statement*
 Sec. 3. At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified *in writing* at least 60 days before the close of the school year that his services will be discontinued.