**Anna Marie Hill ALLEN, Plaintiff,**

**v.**

**George S. LOVEJOY, Director of Memphis and Shelby County Health Department, et al.**

**Civ. No. C–75–118.**

United States District Court, W. D. Tennessee, W. D.

Oct. 23, 1975.

Robert M. Johnson, Canada, Russell & Turner, Memphis, Tenn., for plaintiff.

Edward R. Young, Asst. County Atty., Clifford D. Pierce, Jr., City Atty. Memphis, Tenn., for defendant.

## MEMORANDUM DECISION

BAILEY BROWN, Chief Judge.

This case is before the court on a motion for summary judgment filed on behalf of the defendants, George S. Lovejoy, Director of Memphis and Shelby County Health Department, James W. Moore, County Commissioner of Health and County Commissioner of Shelby County, Tennessee, E. Lee Hyden, County Commissioner of Shelby County, Tennessee, John Wayne Bradford, Director of Personnel for Shelby County, Tennessee, and Shelby County, Tennessee. Defendants and plaintiff have submitted written memoranda of law and oral argument to the court. From the entire record we initially find that there are no genuine issues of material fact and thus conclude that this case is ripe for summary judgment.

The plaintiff, a female, was employed by the Memphis and Shelby County Health Department as a Statistical Clerk II in the Family Planning Division on September 1, 1972. Plaintiff was so employed until March 22, 1974 when she was indefinitely suspended for refusing to comply with the Health Department's "name change policy." For a number of years prior to the filing of this suit it was the policy of the Health Department to require married female employees to adopt their husband's last name on all insurance, retirement and other personnel forms. And as was the case with the plaintiff, if a single female employee got married the Personnel Clerk routinely arranged for a name change on all personnel and payroll forms. Subsequent to plaintiff's marriage she was requested to effect the required changes but she refused. The defendant Lovejoy counseled with plaintiff during March of 1974 and advised her that she was required to abide by the name change policy. Love-

joy further advised plaintiff that if she thought the "name change policy" discriminated against her she should effect the required changes and then bring the matter before the Merit System Council. The Merit System Council is an appeal tribunal within the Department with authority to review personnel decisions and policies of the Health Department. The Council has the authority to reverse personnel decisions and change Departmental policy.

Plaintiff refused to follow Lovejoy's advice. Subsequently plaintiff was issued specific written instructions to effect the required changes. Plaintiff also refused to comply with these instructions. Plaintiff's actions resulted in her indefinite suspension for insubordination.

On June 20, 1974 the Shelby County Board of Commissioners passed a resolution providing in relevant part:

All personnel records shall be kept in the name of the employee and that the employee's name shall be the same as the name listed on the employee's Social Security card.

On July 18, 1974 the Health Department issued a policy statement implementing the above resolution. Plaintiff was notified of this change in policy and after she presented her social security card bearing her maiden name to the personnel office, plaintiff's suspension was lifted. Defendants refused, however, to give plaintiff back pay for the period of her suspension. Since *November 25, 1974* plaintiff has been on maternity leave.

Plaintiff filed her complaint herein on March 20, 1975. The complaint recites that this action is brought pursuant to 28 U.S.C. § 1343; 42 U.S.C. § 2000e et seq.; and 42 U.S.C. §§ 1983, 1985 and 1988. Plaintiff seeks a declaratory judgment, an injunction restraining defendants from maintaining any policy, practice, custom or procedure of discriminating against plaintiff because of her sex with respect to the terms and conditions of her employment, back pay, compensatory and punitive damages and attorney fees. For the reasons hereinafter stated

we conclude that on the undisputed record plaintiff is not entitled to relief.

■ Initially we find that the temporary suspension of plaintiff without pay did not constitute under the aforestated facts a deprivation of an interest in property. *Cf. Coe v. Bogart*, 519 F.2d 10 (6th Cir. 1975); *Lake Michigan College Federation of Teachers v. Lake Michigan Community College*, 518 F.2d 1091 (6th Cir. 1975); *Sullivan v. Brown*, C–75–51 (W.D.Tenn. July 24, 1975). An employee who refuses to obey a direct order from her employer does not have an expectation that a temporary suspension or a termination will not result. Even assuming plaintiff was deprived of a property interest, under the undisputed record she is not entitled to relief.

■ The plaintiff here was given the option of appealing her case to the Merit System Council *prior* to her suspension without pay. It is quite possible that if plaintiff had temporarily complied with the "name change policy" and then gone before the Merit System Council the "name change policy" may have been changed in March 1974 rather than in July 1974. Public agencies cannot deprive their employees of valuable property rights without first affording them due process of law. Public employees, however, must avail themselves of the procedures provided by their employers before they can claim a deprivation of property without due process. See *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). This is not to say that exhaustion of administrative remedies is required under §§ 1983 and 1985 but that an employee cannot voluntarily spurn an offered hearing and later come into federal court seeking relief from her own decision.

■ Moreover, we cannot say as a matter of law that the name change policy denies plaintiff equal protection. Sex, of course, has not been characterized by a majority of the Court as a suspect classification. The constitutional test to be used is the one of reasonableness. Under the facts of this case we conclude that it is reasonable to require married women to use their husband's name on personnel forms.

■ Although plaintiff alleges this case comes under 42 U.S.C. § 1985, the complaint only contains a bare conclusory statement that the defendants have conspired. Neither in subsequent amendment of the complaint, memoranda of law nor oral arguments has plaintiff supported this conspiracy claim. Similarly the alleged claim under 42 U.S.C. § 1988 is without support in the record. We must conclude that the claims under 42 U.S.C. §§ 1985 and 1988 are without merit.

■ Plaintiff's Title VII claim is equally without merit. Compelling a married woman to use her husband's last name on personnel forms does not constitute the type of sex discrimination Title VII was meant to proscribe. It is true that the "name change policy" constituted discrimination since it only applied to women and not to men; but then so does a women's rest room and men's rest room policy discriminate. Title VII was not meant to eradicate all forms of discrimination but to eliminate artificial and unreasonable barriers to equal employment opportunities. We equate the instant "name change policy" with the hair length policy upheld by the Fifth Circuit sitting *en banc* in *Willingham v. Macon Telegraph Pub. Co.*, 507 F.2d 1084 (5 Cir. 1975) and the height and weight requirements upheld by the Sixth Circuit in *Smith v. Troyan*, 520 F.2d 492 (6th Cir. 1975). We are not convinced that the Health Department's former policy of requiring married women to use their husband's name on personnel forms was in violation of Title VII. Thus plaintiff's temporary suspension without pay for refusing to comply with the "name change policy" was not in violation of Title VII.

Accordingly, we conclude that the defendant's motion for summary judgment is well taken and shall be granted.

The Clerk will enter a final judgment granting summary judgment for the defendants.