John A. WELLS et al., Plaintiffs-Appellants,

v.

BOARD OF REGENTS OF the MURRAY STATE UNIVERSITY et al., Defendants-Appellees.

No. 75–1985.

United States Court of Appeals, Sixth Circuit.

Argued April 1, 1976.

Decided Nov. 29, 1976.

Rehearing Denied Jan. 11, 1977.

Arthur L. Brooks, Brooks, Sullivan & Saunders, Lexington, Ky., John J. Slattery, Jr., Louisville, Ky., Michael H. Gottesman, Bredhoff, Cushman, Gottesman & Cohen, Washington, D. C., for plaintiffs-appellants.

James O. Overby, Murray, Ky., Joseph J. Leary, Frankfort, Ky., for defendants-appellees.

Before EDWARDS, McCREE and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

This is an appeal by eleven former members of the faculty of Murray State University (MSU) from summary judgment dismissing their action against MSU for a declaratory judgment, injunctive relief and damages. In their complaint the plaintiffs charged that MSU had denied them due process of law as guaranteed by the Fourteenth Amendment in failing and refusing to provide them with hearings and reasons for the decision of the University not to renew their teaching contracts.

In his opinion and order on motions for summary judgment the District Judge quoted from the MSU statements of tenure policy adopted in 1949 and 1969, and noted that these policies had been adopted under authority of the following sections of Kentucky Revised Statutes:

*164.360. Appointment and removal of president, faculty and employes.*

(1) Each board of regents may appoint a president, and on the recommendation of the president may, in its discretion, appoint all faculty members and employes and fix their compensation and tenure of service, subject to the provisions of subsection (2) of this section.

(2) No person shall be employed for a longer period than four. (4) years. No person shall be employed who is related to any member of the board of regents as father, mother, brother, sister, husband, wife, son, daughter, aunt, uncle, sister-in-law or daughter-in-law, except that upon written recommendation of the president of the university or college, one (1) such relative of each member of the board or regents may be appointed upon confirmation by the other three (3) appointed members.

(3) Each board may remove the president of the university or college, and upon the recommendation of the president may remove any faculty member or employe, but no president or faculty member shall be removed except for incompetency, neglect of or refusal to perform his duty, or for immoral conduct. A president or faculty member shall not be removed until after ten (10) days' notice in writing, stating the nature of the charges preferred, and after an opportunity has been given him to make defense before the board by counsel or otherwise and to introduce testimony which shall be heard and determined by the board. Charges against a president shall be preferred by the chairman of the board upon written information furnished to him, and charges against a faculty member shall be preferred in writing by the president unless the offense is committed in his presence.

*164.365. Governing boards of institutions to have exclusive control of employment, tenure and official relations of employes.*

Anything in any statute of the commonwealth to the contrary notwithstanding, the power over and control of appointments, qualifications, salaries and compensation payable out of the state treasury or otherwise, promotions, and official relations of all employes of Eastern Kentucky State University, Western Kentucky State University, Murray State University, and Morehead State University, as provided in KRS 164.350 and 164.-360, and of Kentucky State College, shall

be under the exclusive jurisdiction of the respective governing boards of each of the institutions named.

The 1949 tenure policy provided tenure for professors and associate professors after a probationary period of employment not exceeding three years. On the other hand, while characterized by the plaintiffs as an "up or out" policy, the 1969 tenure policy of MSU in fact required individual selection as a "deliberate and thoroughly considered act" and provided that "[t]enure may be granted only by formal action of the Board of Regents of Murray State University upon the recommendation of the President." It is undisputed that none of the plaintiffs had acquired tenure under the 1949 policy, though seven had more than three years service at faculty ranks below associate professor under that policy, and that none had been granted tenure under the 1969 policy.

The district court found that each plaintiff was given a full year's notice of non-renewal and that "[n]either the 1969 tenure policy nor the Administrative Procedures relating thereto provided for a statement of reasons for non-renewal of the contract of a non-tenured faculty member, nor did either provide for a hearing."

Property interests are not created by the Constitution, *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The district court properly looked to the Kentucky statutes and existing tenure rules of MSU to determine whether the plaintiffs have property interests which are entitled to the protection of procedural due process. The applicable statutes confer exclusive jurisdiction upon the governing board of MSU to determine the "official relations" of all University employees, including the authority to fix tenure of faculty members. The Murray Board of Regents exercised this authority by adopting explicit policies under which none of the plaintiffs qualified for tenure.

In *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Supreme Court declined to make an "independent examination of the state law issue," (426 U.S. at 347, 96 S.Ct. at 2079) where a district court had construed an ordinance as providing that an employee of a city held his position at the will of the city. The district court in the present case held that Kentucky law gave the MSU Board of Regents complete authority in relation to tenure and that the plaintiffs had not obtained any property interest in their jobs which triggered due process protection. This interpretation of the Kentucky statutes quoted herein appears to be clearly correct and the court's conclusion concerning due process necessarily follows. *Bishop v. Wood, supra.*

The district court properly held that our decision in *Soni v. Board of Trustees of the University of Tennessee*, 513 F.2d 347 (6th Cir. 1975), *cert. denied*, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976), does not control the present case. Neither the affidavits nor the stipulation of the parties disclosed facts from which the plaintiffs could be held to have had a reasonable expectation of continued employment or to have acquired tenure by implication. *See Ryan v. Aurora City Board of Education*, 540 F.2d 222 (6th Cir., decided August 2, 1976). Furthermore, the pleadings and evidentiary material considered in the summary judgment proceedings presented no substantial equal protection issue and made no claim of infringement of rights guaranteed to the plaintiffs by the First or Fifth Amendment. The case was clearly presented as one arising under the due process clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

The judgment of the district court is affirmed.

EDWARDS, Circuit Judge (dissenting).

The decision relied upon by the majority, *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), was decided *after* the District Judge had entered his opinion and judgment in this case. As I read the *Bishop* case, it materially changed preceding law in this field. *Bishop* makes determination of whether an employee has a property interest in his job which is pro-

tectable under federal due process a matter to be determined entirely by state law. There now appears to be no federal remedy, even if the state clearly is seeking to evade enforcement of a federal constitutional prohibition which is applicable to the states.

At the time of the District Court decision in this case, I feel that the lawyers, the District Judge, and the profession generally had believed under prior precedents that the federal court in dealing with a federal constitutional claim was required to make an independent examination of the state law issue.[1] The Supreme Court has now negated this belief. *Bishop v. Wood, supra.*

Although the District Judge in this case did cite a Kentucky statute which gave broad powers over teacher tenure policy to the governing board of the state's universities, those powers are not in dispute at this appeal. Rather, the plaintiffs' claim is that their university board itself by continuing them in employment beyond the term set in the university's own tenure policy, granted them tenure by the reasonable implication of the board's own acts.

With all respect to my colleagues, I believe that the parties should have the right to brief and argue the property right question and have the District Judge decide it, as the Supreme Court has now mandated, under Kentucky law rather than federal law.

The fact that the District Court may, on remand, reach the same result which the majority reaches by its own analysis of Kentucky law aoes not in my view justify depriving the litigants of the opportunity properly to brief the Kentucky law on implied contracts which the *Bishop* case has made controlling.

I would vacate the judgment and remand for reconsideration in the light of *Bishop v. Wood, supra.*

1. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *see also Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

1. This case was originally decided by an unpublished order. The court has decided to publish, in the form of this *per curiam* opinion, the