Gordon S. PLUMMER,
Plaintiff-Appellant,

v.

BOARD OF REGENTS, MURRAY
STATE UNIVERSITY,
Defendant-Appellee.

No. 76–1225.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 9, 1977.

Decided April 8, 1977.

Joseph S. Freeland, Paducah, Ky., Stephen M. Sherman, Bagni, Giddings & Sherman, Indianapolis, Ind., for plaintiff-appellant.

James O. Overby, Murray, Ky., for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

Gordon S. Plummer was employed as Chairman of the Art Department of Murray State University for a one year period beginning in 1971. His contract was renewed for one year commencing July 1, 1972, and for one additional year beginning July 1, 1973. On June 26, 1973, more than a year before the expiration of Plummer's third contract, the Dean of the University informed Plummer in writing that his contract would not be renewed for a fourth term when the current contract expired on June 30, 1974.

Plummer filed suit under 42 U.S.C. § 1983, charging violation of asserted constitutional rights, relying upon *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The District Court granted summary judgment in favor of the Board of Regents. We affirm.

Murray State University has a well defined tenure system for which Plummer never qualified. We agree with the District Court that the facts of the present case are readily distinguishable from those in *Roth* and *Sindermann.* We affirm on authority of *Lake Michigan College Federation of Teachers v. Lake Michigan Community College,* 518 F.2d 1091 (6th Cir. 1975), *cert. denied,* 427 U.S. 904, 96 S.Ct. 3189, 49 L.Ed.2d 1197 (1976); *Blair v. Board of Regents,* 496 F.2d 322 (6th Cir. 1974); and *Harp v. Clemens,* 464 F.2d 1028 (6th Cir. 1972). *See also, Wells v. Board of Regents,* 545 F.2d 15 (6th Cir. 1976); *Sullivan v. Brown,* 544 F.2d 279 (6th Cir. 1976); *Ryan v. Aurora City Board of Education,* 540 F.2d 222 (6th Cir. 1976), *cert. denied,* —— U.S. ——, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *Manchester v. Lewis,* 507 F.2d 289 (6th Cir. 1974); *Bates v. Dause,* 502 F.2d 865 (6th Cir. 1974); *Orr v. Trinter,* 444 F.2d 128 (6th Cir. 1971), *cert. denied,* 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (1972).

Plummer contends that he received a contract right for tenure under a letter written to him March 30, 1971, at the time he was

first employed. He relies upon the following language of this letter:

You have been selected as Chairman of the Art Department by a student committee, the faculty and its committee, the Dean of Fine Arts, and the administration. We have offered you our highest academic rank and a salary which is the upper range for chairman. This university has tended, over a period of years, toward strong departments administered by strong chairmen. Our administration provides support for a chairman in this and would not entertain unprofessional or hasty actions or movements to undermine a chairman's position. We would operate from a position of agreeing with the chairman when possible, and discuss the reasons at such times as requests might necessarily be denied.

We would further propose a procedure in which, during the first three years in which you might serve as Chairman of the Art Department, a yearly review would be conducted. This review and consultation will be conducted near the ninth month of the contract year. This consultation will provide any guidelines necessary for continued cooperation. If satisfactory progress is indicated by the Art Chairman, the Dean of Fine Arts, and the President of Murray State University ([sic] or his representatives, this will suggest automatic continuation of the contract for the ensuing year.

Within this same period, if you ceased to act as chairman (for any reason other than immorality, inefficiency, incompetency, or failure to cooperate with the plans and policies of the University, or failure to perform satisfactorily the duties assigned to you, or for conduct that has destroyed your usefulness to the institution), you would be considered for immediate tenure as a teaching faculty member. Existing Murray State University procedures for consideration of tenure would be followed and would include consideration of Murray State University and prior service.

The short answer to this contention is that during his three years at the University Plummer never ceased to act as Chairman of the Art Department and never became eligible for consideration for immediate tenure as a teaching faculty member.

Reliance is also placed upon the opinion of this court in *Soni v. Board of Trustees of the University of Tennessee*, 513 F.2d 347 (6th Cir. 1975), *cert. denied*, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976). This reliance is misplaced because *Soni* is clearly distinguishable on its facts from the present case.

The judgment of the District Court is affirmed. No costs are taxed. The parties will bear their own costs on this appeal.