**Daniel K. MORSE, Plaintiff-Appellee,**

v.

**Gerald WOZNIAK et al.,
Defendants-Appellants.**

No. 76–1155.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 17, 1977.

Decided Nov. 22, 1977.

Lester N. Turner, Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C., Lansing, Mich., for defendants-appellants.

Lynwood E. Beekman, Foster, Swift & Collins, P. C., Lansing, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal involves yet another effort to make a federal case out of the failure of a school board to renew the contract of a non-tenured teacher. The District Court assumed jurisdiction under the doctrine of pendent jurisdiction and granted summary judgment ordering that Daniel K. Morse be reinstated as a teacher with backpay. We reverse, holding that under the facts of this case jurisdiction under the Michigan Tenure of Teachers Act lies in the courts of that State and not in the federal courts.

Daniel K. Morse was a probationary teacher employed by the Posen Consolidated School District No. 9. The appellants are members of the Board of Education for the District.

On March 16, 1970, the Superintendent of schools for the School District mailed the following letter to Morse:

At a Special Meeting of the Board of Education held March 12, 1970, your name was presented as being eligible for a tenure contract starting next year. I am sorry we have to inform you that upon the recommendation of the tenure committee the Board voted unanimously to deny you tenure.

Your position with the Posen Consolidated School District # 9 will cease at the end of this school year.

Morse filed with the State Teacher Tenure Commission an appeal from the decision of the Board not to rehire him. On February 26, 1971, the Commission ruled that the appeal was not timely and dismissed it. Morse then appealed to the Circuit Court for Genessee County, Michigan. The case in the State court, which unquestionably had jurisdiction, was dismissed with prejudice by consent of the parties.

On December 16, 1971, Morse filed his complaint in the present case under 42 U.S.C. § 1983, claiming violation of his constitutional and civil rights. Both Morse and the Board filed motions for summary judgment. The District Court granted Morse's motion for summary judgment, holding that the Board had violated Morse's rights under the Michigan Tenure of Teachers Act, M.C.L. § 38.83.

Under the decisions of the Supreme Court in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), as well as the established case law of this circuit, the teacher in the present litigation had no right of action under 42 U.S.C. § 1983. *Sullivan v. Brown*, 544 F.2d 279, 284 (6th Cir. 1976); *Ryan v. Aurora City Board of Education*, 540 F.2d 222, 227 (6th Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *Coe v. Bogart*, 519 F.2d 10, 13 (6th Cir. 1975); *Manchester v. Lewis*, 507 F.2d 289, 291 (6th Cir. 1974); *Bates v. Dause*, 502 F.2d 865, 866–67 (6th Cir. 1974); *Orr v. Trinter*, 444 F.2d 128 (6th Cir. 1971), *cert. denied*, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (1972). *See also Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Plummer v. Board of Regents*, 552 F.2d 716 (6th Cir. 1977); *Lake Michigan College Federation of Teachers v. Lake Michigan Community College*, 518 F.2d 1091 (6th Cir. 1975), *cert. denied*, 427 U.S. 904, 96 S.Ct. 3189, 49 L.Ed.2d 1197 (1976); *Blair v. Board of Regents*, 496 F.2d 322 (6th Cir. 1974); *Harp v. Clemens*, 464 F.2d 1028 (6th Cir. 1972).

In his complaint, Morse averred deprivation of federal constitutional rights in conclusory terms, in an obvious bootstrap effort to obtain federal review of issues which are in the domain of the state courts of Michigan. We determine that the averments of the complaint asserting federal constitutional rights are unsubstantial under the decisions of this court cited above. *See Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

There being no right of action under § 1983, the District Court erred in applying the Michigan Tenure of Teachers Act on the theory of pendent jurisdiction. In *Coe v. Bogart, supra*, this court, speaking through Judge Engel, said:

Coe also contends that Judge Taylor abused his discretion in refusing to consider his pendent claim under the Teacher Tenure Act. Although an analysis of Coe's federal claim required reference to Tennessee law, particularly the Teacher Tenure Act, we agree with Judge Taylor that a determination of the merits of that claim should be more appropriately made by the state courts. *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

519 F.2d at 13.

In *Manchester v. Lewis, supra*, this court stated:

Manchester relies upon Mich.Comp. Laws Ann. § 38.83, which is part of the Teachers' Tenure Law of Michigan. He complains that some of the reasons assigned by school authorities for denying tenure occurred during his first year of employment as a probationary teacher.

Review of actions of school authorities under the Teachers' Tenure Law of Michigan is the prerogative of the courts of that State and not of the federal judiciary. Jurisdiction cannot be conferred on federal courts by the procedural device of filing an unsubstantial action under § 1983 and relying on the doctrine of pendent jurisdiction. *Bates v. Dause, supra*, 502 F.2d at 867. In this § 1983 action determination of whether the constitutional rights of Manchester were violated is not controlled by § 38.83.

507 F.2d at 291. (footnote omitted).

In *Bates v. Dause, supra*, 502 F.2d at 867, this court squarely rejected an attempt to employ the theory of pendent jurisdiction where the federal claim is unsubstantial and the case clearly falls within the scope of State law.

The judgment of the district court is reversed and the case is remanded with instructions to dismiss the complaint. No

costs are taxed. All parties will bear their own costs on this appeal.