Susan **CORNELL**, etc., et al., Plaintiffs,

v.

Kenneth **CREASY** et al., Defendants.

No. C 77–434.

United States District Court, N. D. Ohio, W. D.

March 8, 1978.

On Motion to Reconsider June 12, 1980.

Advocates for Basic Legal Equality (A. B. L. E.) Toledo, Ohio, for plaintiffs.

Richard W. Hanusz, Asst. Pros. Atty., Toledo, Ohio, Thomas W. Hess, Richard J. Forman, Asst. Attys. Gen., Columbus, Ohio, Jerry Banks, Pros. Atty., Toledo, Ohio, Patrick J. Foley, Asst. U. S. Atty., Toledo, Ohio, Robert A. Dublin, Washington, D. C., for defendants.

## ORDER

WALINSKI, District Judge.

This cause came to be heard on several motions: Motion by Defendant Ackerman, Director of Ohio Department of Health, for Dismissal of Plaintiffs' Complaint, filed pursuant to Rule 12(b)(6), F.R.Civ.P.; Federal Defendants' Motion to Dismiss on the Ground of Mootness, or, in the Alternative, for Summary Judgment, filed pursuant to Rules 12(h)(3) and 56, F.R.Civ.P.; Defendant Creasy's Motion to Dismiss or in the Alternative for Summary Judgment, filed pursuant to Rules 12 and 56, F.R.Civ.P.; and County Defendants' Motion to Dismiss, filed pursuant to Rule 12. All issues have been briefed by the parties and are now ripe for disposition.

The Court having carefully reviewed the pleadings and memoranda of counsel, it is

ORDERED that the Motions of Defendants Ackerman, Creasy and the County Defendants for Dismissal of Plaintiffs' Complaint should be and hereby are granted, for the reason that Plaintiffs' First and Second Causes of Action fail to state claims upon which relief can be granted, and the Court therefore lacks subject matter jurisdiction over the pendent state claims alleged in Plaintiffs' Third, Fourth and Fifth Causes of Action. *See Bates v. Dause,* 502 F.2d 865, 867 (6th Cir. 1974). *See also Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

IT IS FURTHER ORDERED that Defendant Califano's Motion to Dismiss, or, in the Alternative, for Summary Judgment, should be and hereby is denied in part and granted in part. Defendant Califano's motion to dismiss on grounds of mootness is found to be without merit. Defendant Califano's motion for summary judgment on Plaintiffs' First, Second and Third Causes of Action is found to be well taken for the reason that, assuming all the plaintiffs' factual allegations to be true, defendant is entitled to judgment as a matter of law. Defendant Califano's motion for summary judgment on Plaintiffs' Sixth and Seventh Causes of Action is found to be without merit. Plaintiffs have standing to challenge the HEW regulations at issue herein (45 C.F.R. § 249.10(b)(15)(v); 45 C.F.R. § 249.12(a)(1)(ii)(A)(iii)), and there do exist issues of material fact regarding the reasonableness of said regulations, and the manner of their issuance. Accordingly, resolution of these claims must await trial on the merits.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel Defendants Ackerman and Creasy to Answer Requests for Admission and for Expenses should be and hereby is denied as moot.

## ON MOTION TO RECONSIDER

This cause is before the Court on plaintiffs' motion to reconsider this Court's Order of March 8, 1978, dismissing all claims against the State defendants and the County defendants, and part of the claims

against the Secretary of Health, Education and Welfare (HEW).

This cause involves the standard of life care and due process required in the involuntary transfer of nursing home care recipients. Plaintiffs contend that the individual patients are entitled to a pre-transfer hearing, and in addition are entitled to counselling to avert "transfer trauma" under the pertinent HEW regulations, relying mainly on *Klein v. Mathews*, 586 F.2d 250 (3rd Cir. 1978), *aff'd sub nom. Klein v. Califano.*

The Court had vacated in part the judgment of March 8, 1978, to permit all parties to participate in the motion for reconsideration and a plethora (13) of briefs were filed, together with numerous motions for extensions of time.

On March 13, 1978, after the March 8, 1978 order dismissing all other defendants, trial was had on the issues remaining between the plaintiffs, the class they represent, and HEW. The trial was continued pending the filing of the depositions of the experts who were unavailable for trial. These were filed on April 24, 1978.

As to the issue of "transfer trauma," this cause is ripe for decision based on the stipulation for dismissal filed by plaintiffs and HEW on October 6, 1978, which provided for dismissal within fifteen days, which was never effectuated.

This problem began with the fact that Spencer Manor, Inc., the provider herein, fell into terminal financial problems. The County and State defendants took the complex steps to decertify Spencer Manor, Inc., and HEW took to terminating the funding, giving rise to the instant case. The entire details of the action and the conceded facts are sufficiently set out in the pleadings, evidentiary hearings, chambers conference, and memoranda, and need not be repeated herein.

The *Klein* court stated in part:

Due process requires only that the Medicaid nursing home patient be given an opportunity to determine whether the transfer is for his or her welfare.

Concededly, the failure of Spencer Manor, Inc. and Mark Spencer to be able to continue to provide *any* services dictated that transfer was for the patient's welfare, and these proceedings protected the patients' rights for which plaintiffs are complemented. But to do what plaintiffs' counsel sought, *i. e.*, require the patients to remain in a defunct nursing home, could only lead to danger to health, and injunctive relief to effect orderly transfers was the only remedy warranted. This was accomplished through the cooperation of the parties with the Court.

The *Klein* court, in a split en banc decision, allowed the patient recipients the right to participate in decertification administrative hearings, but only in non-emergency hearings were they afforded a hearing on the necessity of the transfer and a hearing on their best welfare interests. This Court finds that this was an emergency situation that required at this point only an orderly and efficient transfer, and the conduct of the State and County defendants in resolving the emergency gives rise to no liability.

The remaining issue plaintiffs claim is that the regulations of HEW require "transfer trauma" counselling prior to transfer. The scientific experts are in disagreement, and the statistical facts show no consistent trend toward higher mortality in transferred Medicaid patients solely on account of uncounselled transfers.

The *Klein* court and HEW, in its stipulation, require an orderly transfer and a transfer for the patient's welfare, based on health and psychological data and analysis. This is imposed in emergency situations.

Accordingly, the motion to reconsider the judgment of March 8, 1978, is overruled, and the remaining claims of plaintiffs with HEW are dismissed. This cause is therefore ordered dismissed.

IT IS SO ORDERED.