**ESTATE OF Silme G. DOMINGO, et al., Plaintiffs-Appellees,**

**v.**

**REPUBLIC OF the PHILIPPINES, et al., Defendants.**

**Appeal of Ferdinand E. MARCOS.**

**No. 86–4254.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1986.

Decided Jan. 26, 1987.

Anderson, Hibey, Nauheim & Blair, Richard A. Hibey, Timothy M. Broas, Gordon A. Coffee, and Thomas P. Steindler, Washington, D.C.; and Bartko, Welsh, Tarrant & Miller, John J. Bartko, Charles G. Miller, and Robert H. Bunzel, San Francisco, Cal., for appellant.

Schroeter, Goldmark & Bender, Michael E. Withey, Seattle, Wash.; Gibbs, Douglas, Theiler & Drachler, James A. Douglas, Seattle, Wash.; and Mark D. Bernstein, Honolulu, Hawaii, for plaintiffs-appellees.

Before NORRIS, BEEZER and BRUNETTI, Circuit Judges.

NORRIS, Circuit Judge:

This appeal arises out of a wrongful death action that was filed in 1982 in the Western District of Washington against the Republic of the Philippines, Ferdinand E. Marcos, and others. On December 2, 1982, the Philippines requested the United States Department of State to suggest that Ferdinand Marcos, then President of the Philippines, be granted immunity from liability in the wrongful death action. The State Department complied, forwarding a suggestion of immunity from suit to the Western District of Washington by way of the Attorney General of the United States. In response to the State Department's suggestion of immunity, the district court dismissed the action against Marcos with prejudice.

In March 1986, after Marcos had been replaced as President of the Philippines and had moved to Hawaii, plaintiffs served Marcos with a subpoena to appear for a deposition in the wrongful death action. Marcos moved to quash the subpoena on the ground that the 1982 court order granting him immunity from suit totally immunized him from the jurisdiction of the court, including the court's subpoena power. The motion was denied by the District Court for the District of Hawaii on the ground that the original grant of immunity created immunity from liability, but not testimonial immunity. At that point in the proceedings, Marcos elected to comply with the subpoena.

After two days of deposition testimony, Marcos renewed his claim of immunity in a motion to terminate his deposition which he filed in the District of Hawaii. The motion was transferred to the Western District of Washington, where it was denied on the grounds that the 1982 grant of immunity did not extend to immunity from testimony, Marcos was no longer head of state, and no new suggestion of immunity had been filed. Marcos then filed the present appeal, which "is premised solely on the narrow ground that the immunity appellant was granted in 1982 in the underlying lawsuit is the law of the case, and that it is

properly understood as providing immunity from testimony as well as from liability." Appellant's Opening Brief at 14 n. 4. Marcos argues that the district court's order denying his motion to terminate the deposition is appealable under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1941).

■ The general rule is that orders denying non-parties protection from discovery are not final orders appealable under 28 U.S.C. § 1291:

> [W]hile the courts have recognized the finality of civil contempt orders against non-parties, the rule embodied in those cases has not been extended to the mere issuance of discovery orders to non-parties. To obtain a right of review, the non-party must refuse to comply with the order, and the district court must find the non-party to be in contempt and apply sanctions against him.

*David v. Hooker, Ltd*, 560 F.2d 412, 416 (9th Cir.1977). *See also United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *United States v. Columbia Broadcasting System*, 666 F.2d 364, 370 & n. 6 (9th Cir.), *cert. denied*, 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982). This rule denying a recalcitrant non-party a right of appeal until he submits to contempt rests on "[t]he finality requirement of 28 U.S.C. § 1291 [which] embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974).

Notwithstanding the general rule, Marcos contends that the denial of his motion to terminate the deposition is appealable under a narrow exception carved out by *United States v. Nixon*. There the Supreme Court held that a district court order denying President Nixon's motion to quash a subpoena *duces tecum* to produce Watergate tapes was an appealable collateral order. *Id.* at 690–92, 94 S.Ct. at 3098–99.

Concerned that "the traditional contempt avenue to immediate appeal [was] peculiarly inappropriate" under the unique circumstances of the case, the Court wrote:

> To require a President of the United States to place himself in the posture of disobeying an order of a court merely to trigger the procedural mechanism for review of the ruling would be unseemly, and would present an unnecessary occasion for constitutional confrontation between two branches of the Government. Similarly, a federal judge should not be placed in the posture of issuing a citation to a President simply in order to invoke review. The issue whether a President can be cited for contempt could itself engender protracted litigation, and would further delay both review on the merits of his claim of privilege and the ultimate termination of the underlying criminal action for which his evidence is sought.

*Id.* at 691–92, 94 S.Ct. at 3099.

■ Marcos' reliance upon *United States v. Nixon* is misplaced. His status is hardly comparable to that of a President of the United States. Although Marcos originally was granted immunity from liability in this case as a head of state, he is now an alien with no official status who has chosen to take up residence in this country. Neither the State Department nor the Philippine government has interceded on his behalf in the present dispute over his deposition. Indeed, the Philippine government, a defendant in the underlying wrongful death action, sides with the plaintiffs in opposing Marcos' motion to terminate his deposition. Under these circumstances, we see nothing "unseemly" about denying him preferential treatment—so far accorded only to the President of the United States—and requiring Marcos to place himself in contempt of a court order if he wishes to appeal the discovery ruling. Moreover, requiring him to pursue the established contempt path to appellate review implicates none of the concerns expressed in *United States v. Nixon* about provoking a constitutional confrontation between two coordinate branches of our government. In sum, we hold that *United States v.*

*Nixon* is inapposite; Marcos is bound by the general rule that discovery rulings are not final orders appealable under 28 U.S.C. § 1291.

We are also unpersuaded by Marcos' attempt to bypass the general rule by citing a line of cases permitting immediate appeal of orders denying federal officers immunity from suit. *See, e.g., Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 2815–2817, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 806 n. 11, 102 S.Ct. 2727, 2732 n. 11, 73 L.Ed.2d 396 (1982); *Nixon v. Fitzgerald,* 457 U.S. 731, 741–43, 102 S.Ct. 2690, 2696–97, 73 L.Ed.2d 349 (1982); *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). *Cf. Abney v. United States,* 431 U.S. 651, 657–60, 97 S.Ct. 2034, 2039–40, 52 L.Ed.2d 651 (1977) (claim of immunity under the Double Jeopardy Clause immediately appealable). These immunity from suit cases are equally inapposite to Marcos' appeal from a discovery ruling. The rationale for allowing a defendant claiming immunity from suit to invoke the *Cohen* collateral order doctrine is to spare him the burdens of trial should his claim to immunity prove valid. An order denying a claim of immunity from suit "conclusively determines [his] claim of right not to *stand trial* on the plaintiff's allegations, and because '[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred,' it is apparent that '*Cohen's* threshold requirement of a fully consummated decision is satisfied' in such a case." *Mitchell v. Forsyth,* 105 S.Ct. at 2816 (citation omitted).

We must decline Marcos' invitation to extend the immunity from suit line of cases to his non-party claim of testimonial immunity. Taking this unprecedented step would open the appellate doors to every recalcitrant witness, whatever the legal basis of his unwillingness to testify. We see no principled way of distinguishing between Marcos' claim of right not to testify and analogous claims based, for example, upon the Fifth Amendment or the attorney-

client privilege. We cannot believe that when the Supreme Court established in *Nixon v. Fitzgerald, Mitchell v. Forsyth,* and the other cases cited above, that federal officials may immediately appeal rulings denying immunity from suit, it also intended to gut the settled rule that a non-party must submit to contempt before seeking appellate review of a discovery order.

The appeal is DISMISSED for lack of jurisdiction.[1]

---

1. Because we dismiss the appeal for lack of jurisdiction, we do not reach the merits of Marcos' claim that the immunity from suit granted him as a head of state in 1982 implicitly cloaks him with testimonial immunity today. Nor do we reach appellees' contention that even if Marcos had testimonial immunity, he waived it by giving two days of deposition testimony and by invoking the jurisdiction of the court in moving to terminate the deposition.