Evans **PAUL**, **Jean–Auguste Mesyeux, Mario Etienne, Gerald Emile Brun, Serge Gilles and Fernand Gerard Laforest, Plaintiffs,**

v.

**Prosper AVRIL, Defendant.**

**No. 91–0399–Civ.**

United States District Court, S.D. Florida.

Jan. 14, 1993.

Michael Ratner, Jose Luis Morin, Beth Stephens, David Cole, Peter Weiss, Center for Constitutional Rights, New York City, Ira J. Kurzban, Kurzban, Kurzban & Weinger, P.A., Miami, FL (Harold Hongju Koh, New Haven, CT, of counsel; Catherine Adcock, Anupam Chander, William Dodge, Christopher Gilkerson, Steven Koh, Susan Mathews, Sydney Patel, Ursula Werner, Rebecca Weston, Lowenstein Intern. Human Rights Clinic, Allard K. Lowenstein, Intern. Human Rights Law Project, New Haven, CT, on the brief), for plaintiffs.

Anderson, Hibey, Nauheim & Blair by Richard A. Hibey, Gordon A. Coffee, Washington, DC, Stephen A. Papy, P.A. by Stephen A. Papy, Miami, FL, for defendant.

## ORDER AFFIRMING REPORT AND RECOMMENDATION OF MAGISTRATE

NESBITT, District Judge.

This cause comes before the Court upon United States Magistrate Judge Peter R.

Palermo's filing of a Report and Recommendation in the above-styled cause.

Accordingly, upon the Court's *de novo* review of the record, the Magistrate's recommendation, and the objections filed, it is hereby

ORDERED and ADJUDGED that the Recommendation of the Magistrate is AFFIRMED and the Defendant's request that the complaint be dismissed is DENIED.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

PETER R. PALERMO, United States Magistrate Judge.

THIS MATTER comes before the Court on Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, Docket Entry (hereinafter "D.E.") # 9, and the corresponding response and replies. This motion was referred to United States Magistrate Judge Peter R. Palermo by United States District Judge Lenore Carrero Nesbitt for a report and recommendation on the issues presented. *See* 28 U.S.C. § 636 (West Supp.1992).

## FACTUAL BACKGROUND PERTINENT TO THE MOTION TO DISMISS [1]

This case involves an action by six (6) Haitians, Evans Paul, Jean–Auguste Mesyeux, Marino Etienne, Gerald Emile "Aby" Brun, Serge Gilles and Fernand Gerard Laforest. All six (6) Plaintiffs were citizens and residents of Haiti when this action was filed. The Plaintiffs seek compensatory and punitive damages against. Defendant, Lieutenant General Prosper Avril (Avril), the former head of the Haitian military, for alleged "torture[,] cruel, inhuman or degrading treatment; arbitrary arrest and detention without trial; and other violations of customary international law." Complaint, D.E. # 1, at ¶ 1. Since March 12, 1990, and at the time the Complaint was filed, Avril resided within the jurisdiction of the United States District Court for the Southern District of Florida. These acts allegedly all took place in Haiti.

The Complaint spans some twenty (20) pages delineating the acts committed upon

**1.** These facts are summarized from the Complaint and the Court makes no findings in this

Plaintiffs by soldiers and individuals allegedly acting under and with the "order, approval, instigation, and knowledge of Defendant Avril." Complaint at ¶¶ 7–13, 21, 40, 51, 60. These include acts such as severe beatings, being dragged up flights of stairs, having lit cigarettes inserted in the nostrils, being put in contortionistic positions while beaten with particular attention being paid to the skull and groin, refusal to administer medical treatment, being paraded on national television and falsely accused of being involved in an assassination plot, deliberate starvation and other equally indescribable acts of unmerciful treatment. *Id.* at ¶¶ 22–69. None of the acts enunciated are alleged to have been committed by Avril himself. The brutality of the acts committed is uncontroverted and undisputed.

The Complaint contains six (6) claims for relief: Torture; Arbitrary Detention; Cruel, Inhuman and Degrading Treatment; False Imprisonment; Assault and Battery; and Intentional Infliction of Emotional Distress. The Complaint prays for damages in excess of three million (3,000,000) dollars for each Plaintiff individually, and at least ten million (10,000,000) in punitive damages collectively. *Id.* at ¶¶ 105–106.

The Defendant now moves to dismiss the Complaint primarily relying on five (5) theories. First, that the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*, prohibits judicial consideration of the suit against Avril. Second, that Avril is immune from the jurisdiction of this court under the doctrine of Head of State Immunity. Third, Defendant argues there is no subject matter jurisdiction under 28 U.S.C. § 1350 as predicated by Plaintiffs. Fourth, Plaintiffs have not stated a justiciable cause of action under 28 U.S.C. §§ 1350–1351, and fifth, under the Act of State and Political Question doctrine this suit is non-justiciable. The undersigned now addresses each one of these contentions *seriatim*.

## STANDARD OF REVIEW

A court must assume all the allegations of a complaint are true for purposes of a

regard.

motion to dismiss. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986); *St. Joseph's Hosp., Inc. v. Corp. of America*, 795 F.2d 948, 953 (11th Cir.), *reh'g denied*, 801 F.2d 404 (1986). Further it is well established that a complaint will not be dismissed unless it appears beyond belief that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Likewise it has been held that the complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. at 103. *See also Quality Foods v. Latin American Agribusiness Development*, 711 F.2d 989, 994 (11th Cir.1983).

## ANALYSIS

As stated, Defendant first contends that Avril is covered by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602–11, and therefore this suit cannot be maintained. This argument is unconvincing for several reasons. The history and application of the Foreign Sovereign Immunities Act (hereinafter FSIA), has been amply and precisely laid out in the case law. *See e.g., Siderman v. Republic of Argentina*, 965 F.2d 699, 705 (9th Cir.1992) (action by Argentine family and American citizen daughter against Argentine military officials for acts of torture and expropriation of property occurring in Argentina), *petition for cert. filed*, 61 U.S.L.W. 3156 (Aug. 20, 1992). If the allegations asserted by Plaintiffs, which must be accepted as reliable for the purposes of the motion to dismiss, bring the claims asserted within one of the exceptions to the FSIA[2], the burden then shifts to Defendant, to prove that those exceptions do not apply. *Id.* at 707–708, *quoting, Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777,

779 (9th Cir.1991) (quoting *Joseph v. Office of the Consulate Gen'l of Nigeria*, 830 F.2d 1018, 1021 (9th Cir.1987)).[3]

However, Plaintiffs do not argue the application of the FSIA exceptions, instead they argue the FSIA itself does not apply in three ways. First, they argue the FSIA offers no protection to individuals. Second, they claim that even if it does, Avril is not provided with immunity under the Act for acts that are outside of the scope of his authority. Last, Plaintiffs argue that any possible immunity has been waived by the Haitian government.

The Government of Haiti, on April 9, 1991, waived any and all immunity enjoyed by Prosper Avril. Specifically, the waiver states

> Prosper Avril, ex-Lieutenant–General of the Armed Forces of Haiti and former President of the Military Government of the Republic of Haiti, enjoys absolutely no form of immunity, whether it be of a sovereign, a chief of state, a former chief of state; whether it be diplomatic, consular, or testimonial immunity, or all other immunity, including immunity against judgment, or process, immunity against enforcement of judgments and immunity against appearing before court before and after judgment.

D.E. # 17 at 1.

This affirmation was executed by the Minister of Justice of the Republic of Haiti, Bayard Vincent, Av.[4] The seal of the Ministere de la Justice, for the Republic of Haiti was affixed to the document. The wording of the waiver could hardly be more strenuous. Such a waiver has traditionally be given its due weight. *See In re Grand Jury Proceedings, Doe No. 700*, 817 F.2d 1108, 1110–1111 (4th Cir.), *cert. denied, sub nom. Marcos v. United States*, 484 U.S. 890, 108 S.Ct. 212, 98 L.Ed.2d 176 (1987); *In re Doe*, 860 F.2d 40, 45–60 (2d Cir.1988). Defendant attempts to convince the Court that no weight should be given the waiver because it would encourage

---

**2.** 28 U.S.C. § 1605 details the various exceptions to the FSIA under which a foreign state would no longer be entitled to immunity.

**3.** In *Schoenberg* and *Joseph,* the Ninth Circuit concluded that such a showing must meet a preponderance of the evidence standard.

**4.** An abbreviation of avocat, the French equivalent for lawyer, translated to equal "Esquire." *See* D.E. # 17 Official translation attached thereto.

countries to disavow those former leaders who do not curry favor with the new government. Immunity is a grant in a sense awarded at the sovereign's discretion. Defendant has cited no authority leading one to believe the extraction of that immunity would not also be a matter of discretion. *See In re Doe*, 860 F.2d at 46 (2d Cir.1988). Because the undersigned finds Plaintiffs are correct in the assertion that Defendant is not entitled to immunity because it has been waived by the Haitian government, it is unnecessary to address Plaintiffs' other two arguments.

■ Defendant next argues that he is immune from the jurisdictional arm of this court under the Head of State doctrine. This argument must also fail. Defendant cites *Hutch v. Baez*, 7 Hun. 596 (N.Y.S.Ct. 1876), in support of the proposition that a former head of state is entitled to immunity for acts committed while in office. Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, Docket Entry # 9, at 7–8. The case involved the former President of the Dominican Republic sued in the United States for actions committed while he was leader of that nation. The court held his status as former leader did not destroy his immunity. *Id.* at 599–60. However, *Hutch* is a New York state case which was issued in 1876 when the FSIA was nonexistent and immunity was therefore almost automatically bestowed. It is therefore easily distinguishable.

Plaintiffs again present three bases for the argument that the Defendant is not entitled to residual head of state immunity. The Court need only reach the first argument it being dispositive of the issue. The waiver of immunity by the Haitian govern-

ment is complete and also affects his residual head of state immunity. *See In Re Doe*, 860 F.2d at 46.[5]

Defendant's third argument asserts there is no subject matter jurisdiction under the Alien Tort Statute, 28 U.S.C. § 1350, the statute Plaintiffs bring this action under. Defendant reasons that § 1350 is not applicable "to suits between aliens for actions arising outside the United States." Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, D.E. # 9, at 9. The undersigned finds that contrary to Defendant's conclusions, there is subject matter under the statute.

■ Specifically, 28 U.S.C. § 1350 says "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Therefore, the statute requires that jurisdiction be limited to cases: 1) involving aliens; 2) with a tort only; and 3) committed in violation of the law of nations or a treaty of the United States. *See In re Estate of Ferdinand E. Marcos*, 978 F.2d 493, 498, (9th Cir.1992). Nationality is not consequential. In *Filartiga v. Pena–Irala*, 630 F.2d 876 (2d Cir.1980), *appeal after remand on damages, Filartiga v. Pena–Irala*, 577 F.Supp. 860, 861 (E.D.N.Y.1984) (quoting same), a case where the defendant, a former police leader tortured the plaintiffs' son and brother under the color of official authority and in violation of Paraguayan laws and the law of nations, the court held that "deliberate torture perpetrated under color of official authority violates universally accepted norms of the international law of human rights, regardless of the nationality of the parties." *Id.* at 878; *see also, Siderman* 965 F.2d 699; *Forti v. Suarez–Mason*, 672 F.Supp. 1531

---

5. As an aside, it is noted Plaintiffs' second argument, the contention that head of state immunity is not available to a former head of state, was touched upon when the court opined there was "respectable authority for denying head-of-state immunity to a former head-of-state for private or criminal acts in violation of American law." *In re Doe*, 860 F.2d at 45, *citing The Schooner Exchange v. M'Faddon*, 11 U.S. (7 Cranch) 116, 135, 144, 3 L.Ed. 287 (1812), *See In re Grand Jury Proceedings, Doe No. 700*, 817 F.2d at 1111; *Republic of Philippines v. Marcos*, 806 F.2d 344,

360 (2d Cir.1986), *cert. dismissed, Ancor Holdings, N.V. v. Republic of Philippines*, 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784, *cert. denied, New York Land Co. v. Republic of Philippines*, 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987). *See also, Estate of Domingo v. Republic of Philippines*, 694 F.Supp. 782, 785 (W.D.Wash. 1988) (on a motion for reconsideration, court reaffirmed "its ruling that the Marcoses are not entitled to immunity" after having left official office), *appeal dismissed*, 895 F.2d 1416 (9th Cir.1990).

(N.D.Cal.1987) (two Argentine citizens residing in the U.S. brought action against a former Argentine general for torture and other acts committed under his command), *reconsideration granted in part,* 694 F.Supp. 707 (1988). Additionally, these cases all involved torts, in violation of the laws of nations which occurred outside of the U.S.

■ Defendant's fourth argument centers around the theory that 28 U.S.C. § 1350 does not provide a cause of action, but merely provides a jurisdictional gateway to the court. The plain language of the statute and the use of the words "committed in violation" strongly implies that a well pled tort if committed in violation of the law of nations, would be sufficient. There are cases that hold 28 U.S.C. § 1350 as providing both a jurisdictional basis and a right of action. *See Forti,* 672 F.Supp. at 1540; *Filartiga,* 630 F.Supp. at 887; *Handel v. Artukovic,* 601 F.Supp. 1421, 1426–27 (C.D.Cal.1985) ("[t]hus, while the 'violation' language of section 1350 may be interpreted as explicitly granting a cause of action, the 'arising under' language of section 1351 cannot be so interpreted"); *Tel–Oren v. Libyan Arab Republic,* 726 F.2d 774, 777–780 (D.C.Cir.1984) (Edwards, J., concurring) (plaintiffs, mostly Israeli citizens brought action against defendants, various Arab organizations under the law of nations and treaties of the United States for deaths occurring in a bus in Israel), *cert. denied,* 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).

Moreover, even if this were not the case, it is clear 28 U.S.C. § 1350 authorizes remedies for aliens suing for torts committed in violation of the law of nations. *See Filartiga,* 630 F.2d at 888; *Jaffe v. Boyles,* 616 F.Supp. 1371, 1379 (W.D.N.Y.1985) (recognized premise of *Filartiga* ); *Jones*

*v. Petty Ray Geophysical Geosource, Inc.,* 722 F.Supp. 343, 348 (S.D.Tex.1989) (dismissed where plaintiff did not allege either alien status or tort committed in violation of the law of nations).

■ Last in this regard, Plaintiffs' causes of action sounding in False Imprisonment, Assault and Battery and Intentional Infliction of Emotional Distress under Florida law are cognizable at this stage of the proceedings under principles of pendent and ancillary jurisdiction. *See Forti,* 672 F.Supp. at 1540.[6]

■ Defendant's fifth and final argument, that this suit is foreclosed because of the act of state and political question doctrines is completely devoid of merit. The acts as alleged in the complaint, if true would hardly qualify as official public acts. *W.S. Kilpatrick & Co. v. Environmental Tectonics Corp.,* 493 U.S. 400, 403, 110 S.Ct. 701, 704, 107 L.Ed.2d 816 (1990); *Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 428, 84 S.Ct. 923, 940, 11 L.Ed.2d 804 (1964). Further, if the argument asserted by Defendant were true, and the federal courts would refuse to handle cases such as this one because the standards would be difficult to discern, discovery would be arduous to acquire, and the witnesses would have to travel substantial distances, cases such as *Forti, Siderman, Filartiga,* and *Jimenez v. Aristeguieta,* 311 F.2d 547, 577 (5th Cir.1962) (act of state doctrine applicable only where acts involved are official acts of state), would never have been adjudicated. Defendant has not distinguished this case from those precedents. The same is true with regard to Defendant's assertion of the political question doctrine. This case presents clearly justiciable legal issues as illustrated herein.

---

**6.** The Court takes note of the fact that in *Forti* claims for "causing disappearance" and "cruel and inhuman and degrading treatment" were dismissed because they lacked the "requisite elements of universality and definability." *Forti,* 672 F.Supp. at 1542–43. On a motion for reconsideration, the court later reinstated the cause of action for "causing disappearance" but declined to do the same with regard to the count labeled "cruel and inhuman and degrading treatment." *Forti,* 694 F.Supp. at 709–10. In the case *sub judice* Plaintiffs' complaint contains a count for Inhuman and Degrading treatment, however this issue was not addressed in Defendant's initial motion and thus the Court issues no recommendation on the matter. Plaintiffs' Memorandum of Law In Opposition to Defendant's Motion to Dismiss, D.E. # 20, at 35 n. 45 (where Plaintiffs discuss why their allegations are distinguishable).

It is therefore

RECOMMENDED that Defendant's request that the Complaint in this action be dismissed should be DENIED.

Pursuant to Local Magistrate Rule 4(b), the parties to this action shall have ten (10) days from the date of the receipt of this report to file their objections with United States District Judge Lenore C. Nesbitt.

DATED in chambers at Miami, Florida this 10 day of November, 1992.